IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOTH, et al., | No. C 12-5636 CW |
| Plaintiffs, | ORDER GRANTING MOTION TO REMAND(Docket No. 9); DENYING MOTION TO RELATE (Docket No. 14). |
| v. | |
| ENVIVO, INC., et al., | |
| Defendants. | |

Plaintiffs Michael Toth and Joseph Wiley brought these actions in state court against Defendants, Envivo, Inc. and several of its officers and directors, under the federal 1933 Securities Act (Securities Act), 15 U.S.C. §§ 77a et seq. The cases were subsequently removed and consolidated. Plaintiffs now move to remand to state court. Defendants oppose the motion. Having considered the parties' papers and oral argument, the Court grants the motion to remand.

BACKGROUND

In October 2012, Plaintiffs filed separate putative class actions in San Mateo County Superior Court charging Defendants with securities fraud under §§ 11 and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77o. Neither action alleged any claims under state law. On November 28, 2012, after Defendants removed both actions, the Court approved the parties' stipulation to consolidate the cases. Docket No. 8. Two days later, on November 30, 2012,

Plaintiffs filed the instant motion. In it, they contend that the Securities Act's "anti-removal provision," 15 U.S.C. § 77v(a), requires that this case be remanded to state court.

LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1447 provides that if at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). On a motion to remand, the scope of the removal statute must be strictly construed. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

DISCUSSION

I. Motion to Remand

The Securities Act contains an anti-removal provision which states: "Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a). Section 77p(c) allows for the removal of any "covered class action brought in any State court involving a covered security, as set forth in subsection (b)." Subsection (b), in turn, provides, "No covered class action

2

based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court" by any private party alleging securities fraud. 15 U.S.C. § 77p(b) (emphasis added).

The parties here dispute whether these provisions, taken together, prohibit the removal of securities fraud class actions like the present one that raise claims only under the federal Securities Act and not under state law. Neither the Supreme Court nor any of the federal courts of appeals has squarely addressed this question and the roughly thirty district courts to confront the issue are divided more or less evenly.[1] Within this district,

---

[1] Compare City of Birmingham Ret. & Relief Sys. v. MetLife, Inc., 2013 WL 5526621 (N.D. Ala.) (granting motion to remand); Reyes v. Zynga Inc., 2013 WL 5529754 (N.D. Cal.) (same); Niitsoo v. Alpha Natural Res., Inc., 2012 WL 5395812 (S.D.W. Va.) (same); Young v. Pac. Biosciences of Cal., 2012 WL 851509 (N.D. Cal.) (same); W. Va. Laborers' Trust Fund v. STEC, Inc., 2011 WL 6156945 (C.D. Cal.) (same); W. Palm Beach Police Pension Fund v. Cardionet, Inc., 2011 WL 1099815, (S.D. Cal.) (same); Layne v. Countrywide Fin. Corp., 2008 WL 9476380 (C.D. Cal.) (same); Unschuld v. Tri-S Sec. Corp., 2007 WL 2729011 (N.D. Ga.) (same); Irra v. Lazard Ltd., 2006 WL 2375472 (E.D.N.Y.) (same); Higginbotham v. Baxter Int'l, Inc., 2005 WL 1272271 (N.D. Ill.) (same); In re Tyco Int'l, Ltd. Multidistrict Litig., 322 F. Supp. 2d 116 (D.N.H. 2004) (same); Zia v. Med. Staffing Network, Inc., 336 F. Supp. 2d 1306, 1310 (S.D. Fla. 2004) (same); Nauheim v. Interpublic Grp. of Cos., 2003 WL 1888843 (N.D. Ill.) (same); Haw. Structural Ironworkers Pension Trust Fund v. Calpine Corp., 2003 WL 23509312 (S.D. Cal.) (same); Williams v. AFC Enterprises, Inc., 2003 WL 24100302 (N.D. Ga.) (same); In re Waste Mgmt., Inc. Sec. Litig., 194 F. Supp. 2d 590 (S.D. Tex. 2002) (same); with Lapin v. Facebook, Inc., 2012 WL 3647409 (N.D. Cal.) (denying motion to remand); Northumberland County Ret. Sys. v. GMX Resources, Inc., 810 F. Supp. 2d 1282 (W.D. Okla. 2011) (same); In re Fannie Mae 2008 Sec. Litig., 2009 WL 4067266 (S.D.N.Y.) (same); Knox v. Agria Corp., 613 F. Supp. 2d 419 (S.D.N.Y. 2009) (same); Rubin v. Pixelplus Co., 2007 WL 778485 (E.D.N.Y.) (same); Rovner v. Vonage Holdings Corp., 2007 WL 446658 (D.N.J.) (same); Pinto v. Vonage Holdings Corp., 2007 WL 1381746 (D.N.J.) (same); Lowinger v. Johnston, 2005 WL 2592229 (W.D.N.C.) (same); Purowitz v. DreamWorks Animation SKG, Inc., 2005 WL 6794770 (C.D. Cal.) (same); In re King Pharm., Inc., 230 F.R.D. 503 (E.D. Tenn. 2004) (same); Brody v. Homestore, Inc., 240 F. Supp. 2d 1122 (C.D. Cal. 2003) (same); Kulinski v. Am. Elec. Power Co., 2003 WL 24032299 (S.D. Ohio) (same); Alkow v. TXU Corp., 2003 WL 21056750 (N.D. Tex.) (same).

two courts have held that the Securities Act precludes removal under the present circumstances while one court has held that removal is proper. Compare Reyes, 2013 WL 5529754, at *4 (granting motion to remand), Young, 2012 WL 851509, at *4 (same), with Lapin, 2012 WL 3647409, at *3 (denying motion to remand).

This Court is persuaded by the majority approach in this district and grants Plaintiffs' motion to remand. Numerous district courts have recognized that neither the plain language of the Securities Act, quoted above, nor existing judicial interpretations of that language offers a clear answer to the question presented in this case. See, e.g., Niitsoo, 902 F. Supp. 2d at 807 ("No matter what Congress intended § 77p(c) to accomplish, there is no perfect way to read that section in conjunction with the plain meaning of the amendments in § 77v(a)."); Williams, 2003 WL 24100302, at *3 ("To me, it seems murky at best and another example of the sort of careless legislative draftsmanship that has generated so much litigation under the [Securities Act, as amended by the Private Securities Litigation Reform Act]."); Unschuld, 2007 WL 2729011, at *2 ("This Court has now joined the parade of other district courts that have tried to make sense of the removal provision governed by § 77p and § 77v. There is nothing very original left to say about this nine-year running dispute."). The Ninth Circuit has cautioned that, in situations such as this one where there are doubts as to whether federal jurisdiction exists, those doubts must be "resolved against removability." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008). Thus, "given the lack of clear authority from the Supreme Court or the Ninth

4

Circuit on this issue, and given the split in authority among district courts," remand is the appropriate course of action here. See Reyes, 2013 WL 5529754, at *3.

II. Motion to Relate

In January 2013, Plaintiffs filed an administrative motion to relate to this case another putative class action, Thomas v. Envivo, Inc., Case No. 12-6464 (CRB), which was filed against Defendants in this district on December 20, 2012. Civil Local Rule 3-12(a) provides that two actions may be related when both "actions concern substantially the same parties, property, transaction or event" and it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Because the instant case will be remanded to state court and this Court has not considered the merits of the underlying dispute, relating these cases will not avoid any "duplication of labor and expense or conflicting results." Civil L.R. 3-12(a). The issues addressed in this remand order are unlikely to arise in Thomas because that case was filed originally in federal court. Accordingly, the motion to relate is denied.

CONCLUSION

For the reasons set forth above, Plaintiffs' motion to remand (Docket No. 9) is GRANTED and Plaintiffs' motion to relate (Docket

//
//
//
//
//

5

No. 14) is DENIED.  The clerk shall remand this action to San Mateo County Superior Court and close the file.

    IT IS SO ORDERED.

Dated: 10/11/2013

                            CLAUDIA WILKEN
                            United States District Judge