IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOTH, et al., | No. C 12-5636 CW |
|     Plaintiffs, | ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION (Docket No. 32) |
|   v. | |
| ENVIVO, INC., et al., | |
|     Defendants. | |

Defendants, Envivo, Inc. and several of its officers and directors, move for leave to file a motion for reconsideration of the Court's October 11, 2013 order remanding this case to San Mateo County Superior Court. Plaintiffs Michael Toth and Joe Wiley Oppose the motion. After considering the parties submissions, the Court denies the motion.

## DISCUSSION

A party may only file a motion for reconsideration after obtaining leave of the Court. Civil L.R. 7-9(a). Under Civil Local Rule 7-9(b), the party seeking leave to file such a motion must show (1) that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) the "emergence of new material facts or a change of law occurring after the time of such order"; or (3) a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

1  Here, Defendants argue that "the Court manifestly failed to
2  consider a dispositive legal argument, namely, that where, as
3  here, an action is facially removable as a federal question, the
4  burden is on the plaintiffs who are seeking remand to prove that
5  an express exception to removal exists."  Docket No. 32, Mot.
6  Leave File Mot. Recons., at 1 (citing Breuer v. Jim's Concrete of
7  Brevard, Inc., 538 U.S. 691, 698 (2003)).  This argument rests on
8  the faulty premise that this action is "facially removable as a
9  federal question."

10  As explained in the Court's remand order, the 1933 Securities
11 Act contains an anti-removal provision that expressly states,
12 "Except as provided in section 77p(c) of this title, no case
13 arising under this subchapter and brought in any State court of
14 competent jurisdiction shall be removed to any court of the United
15 States."  15 U.S.C. § 77v(a).  Federal district courts are divided
16 over whether or not section 77p(c) permits the removal of actions
17 like this one -- which raise only federal securities fraud
18 claims -- and the question remains unsettled.  See Niitsoo v.
19 Alpha Natural Res., Inc., 902 F. Supp. 2d 797, 807 (S.D.W. Va.
20 2012) ("No matter what Congress intended § 77p(c) to accomplish,
21 there is no perfect way to read that section in conjunction with
22 the plain meaning of the amendments in § 77v(a).").[1]  In light of
23 this continuing ambiguity over the scope of section 77p(c),

---

[1] Over the last decade, more than a dozen district courts around the country -- including two in this district -- have construed section 77p(c) to preclude removal in cases like this one.  See, e.g., Reyes v. Zynga Inc., 2013 WL 5529754 (N.D. Cal.) (granting motion to remand); Young v. Pac. Biosciences of Cal., 2012 WL 851509 (N.D. Cal.) (same); but see Lapin v. Facebook, Inc., 2012 WL 3647409 (N.D. Cal.) (denying motion to remand).

Defendants have not demonstrated that the present action is "facially removable as a federal question."

Thus, contrary to Defendants' position, Plaintiffs were not required to prove that an exception to removal exists in order to prevail on their motion to remand. Rather, as the Ninth Circuit has explained, the burden to establish that federal jurisdiction exists rested at all times with Defendants themselves. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). They failed to satisfy that burden.

## CONCLUSION

For the reasons set forth above, Defendants' motion for leave to file a motion for reconsideration (Docket No. 32) is DENIED.

IT IS SO ORDERED.

Dated: 10/17/2013

CLAUDIA WILKEN
United States District Judge

3